WRIGHT, J.
The three first errors assigned are that the original suit was commenced against J. & J. Hare, and prosecuted against John Hare alone. The record shows by the singular personal pronouns, that only one person appeared, appealed, took rules in the cause, and made an attorney. The declaration is special, against John was sued by the name of J. & J. John, the present plaintiff in error, appeared and pleaded to the declaration, without controverting the allegation that he was sued by a wrong name. We hold this virtually an admission of that allegation as true. But, at any rate, there is no error here that will now avail him; 5 O. 61; 1 Chit. Pl. 250.
The fourth error assigned is in the charge of the court. We think the legal principle applicable to such bailments is, that a bailee must deal fairly with his pledge. If he deals unfairly, or converts to his own use, he is liable in trover; any abuse of a bailed article will render him liable; 2 Kent, 6, 451, 2, 3; Jones on Bail, 80, and notes; 1 Brown Penn. 176. But it nowhere appears in the bill of exceptions, or in the case, that it was one of a bailment oi-pledge; and now, is this court to take - notice of. the fact, if-it. do not appear on the record ?
*297 . ■ 5. In the fifth cause for. refusing this judgment, it is claimed the court erred in refusing a new trial, as the damages found exceeded the value of the goods. The record does not show that in point of fact this was true. It shows only that the party moving for a new trial set forth a claim that the damages were excessive. No error, therefore, is found in this part of the case.
6. It is, in the next place, alleged that the court below erred in refusing a new trial on the affidavits filed; that the witnesses for the plaintiff were of bad character for truth. This court has repeatedly decided that it will not grant now trials to afford opportunity for impeaching a witness. But if that were not so, the bill ■of exceptions before us only states the defendant moved for a new-trial on account of the bad character of one West, the affidavits are offered to prove his character bad; yet it nowhere appears that .West was sworn or examined as a witness for either party; and it •Is only left to be inferred, for it is not alleged in the bill of exceptions that the affidavits were offered to the court below on the ..motion for a new trial.
The judgment is affiLrmed with costs.